UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA ADILIA MEJIA,<br><br>            Plaintiff,<br><br>     v.<br><br>COSTCO WHOLESALE<br>CORPORATION,<br><br>            Defendant. | No.  1:25-cv-00895-KES-CDB<br><br>ORDER GRANTING MOTION TO REMAND<br><br>(Doc. 7) |

Plaintiff Sara Adilia Mejia brings negligence and premise liability claims against defendant Costco Wholesale Corporation ("Costco") arising from a slip and fall that occurred at or near a Costco store.  Doc. 1-1, Ex. A.  Mejia filed this action in Kern County Superior Court, seeking general and special damages, hospital and medical expenses, and loss of earning capacity damages.  *Id.* at 5.

On July 22, 2025, Costco removed this action to federal court pursuant to 28 U.S.C § 1332 and 28 U.S.C. § 1441, alleging diversity jurisdiction exists because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  Doc. 1 at 2. Costco alleges that complete diversity exists because Mejia resides in California and Costco is a citizen of Washington.  *Id.*  Costco also alleges that the amount in controversy exceeds $75,000. *Id.*  Costco asserts that Mejia contends the amount in controversy exceeds $75,000, but Costco fails to provide any support for that contention.

Mejia moves to remand this action to Kern County Superior Court, arguing that this Court

1

lacks jurisdiction over this action.  Doc. 7.  Costco filed an opposition to the motion to remand, Doc. 9, and Mejia filed a reply, Doc. 10.  The matter is suitable for resolution without oral argument.  For the reasons set forth below, Mejia's motion to remand is granted.

## I.   LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  An action may be removed to federal court if the federal court could exercise original jurisdiction over the action.  28 U.S.C. § 1441(a).  Removal is proper when an action presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).  If the defendant fails to meet its burden of establishing subject matter jurisdiction, the action must be remanded.  28 U.S.C. § 1447(c); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").  If there is doubt as to the right of removal, a federal court must reject jurisdiction and remand the case to state court.  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

## II.   DISCUSSION

The parties do not contest that complete diversity between the parties exists.  *See* Docs. 1; 7.  The sole issue before the Court is whether Costco has met its burden of establishing the amount in controversy.  A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  But once the plaintiff challenges the allegations for removal jurisdiction, the defendant bears the burden of establishing, by a preponderance of the evidence,

2

that the amount in controversy exceeds $75,000. *Id.* at 88. When the amount in controversy is unclear from the face of the complaint, the removing defendant has the burden of establishing that the amount in controversy is met. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018).

In her motion, Mejia presents evidence of her settlement offer to Costco in the amount of $74,999.99, pursuant to California Code of Civil Procedure § 998. Doc. 7 at 6; Doc. 7-1. Mejia also provides a declaration from counsel stating that Mejia "is not contending that the amount in controversy at issue exceeds $75,000.00." Docs. 7 at 6. In opposition, Costco merely argues that, if it continues to reject the section 998 offer, that settlement offer would not cap plaintiff's potential damages at trial. Doc. 9 at 3–4. But Costco fails to present any evidence that the amount in controversy exceeds $75,000. Indeed, Costco's counsel concedes that "Costco is unable to determine its potential liability in this matter at this early stage of litigation." Doc. 9-1 at 2.

Costco fails to meet its burden of establishing that the amount in controversy exceeds $75,000. Therefore, the Court lacks diversity jurisdiction over this action.

**III.    CONCLUSION**

Based on the foregoing:

1. Mejia's motion to remand, Doc. 7, is granted.

2. This action is remanded to the Kern County Superior Court for lack of subject matter jurisdiction.

3. The Clerk of Court shall mail a copy of this order to the clerk of the Kern County Superior Court.

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    January 29, 2026

_____
UNITED STATES DISTRICT JUDGE

3